

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 19, 1974

The Honorable James D. Cole
House Administrator
House of Representatives
Austin, Texas

Opinion No. H- 351

Re: Validity of rider to
Appropriations Act (H. B.
139, 63rd Leg.) regarding
equal employment opportunity.

Dear Representative Cole:

Your letter on behalf of the House of Representatives Committee on House Administration raises one of the most frequent questions of statutory interpretation to come before the Attorney General and one of the most troublesome.

You have asked our opinion of the constitutionality of a provision of the Appropriations Act for fiscal 1974 and 1975 (Laws 1973, 63rd Leg., ch. 659, p. 1986) found as a rider to the appropriation to the office of the Governor at pages 1967-68:

> As a limitation on the expenditure of funds appropriated in this Act and to insure that funds appropriated for salaries of classified positions are spent in accordance with Legislative intent and the laws of the State, each agency and department of the State of Texas shall prepare and maintain a written plan to assure implementation of a program of equal employment opportunity whereby all personnel transactions are made without regard to race, religion, national origin, or sex (except where sex constitutes a bona fide occupational qualification). The plans shall contain a comprehensive analysis of all employees by race, sex,

and class of position and shall include plans for recruitment, selection, appointment, training, promotion, and other personnel practices. The plans shall also include objectives and goals, timetables for the accomplishment and assignments of responsibility for their completion.

The plans shall be filed with the Office of the Governor within ninety days after the enactment of this Bill covering the period September 1, 1973, through August 31, 1974, and shall be updated on an annual basis. Progress reports shall be submitted within thirty days of September 1 and March 1 of each year. · The Office of the Governor shall cooperate with agencies to provide technical assistance to agencies and departments in the preparation of these plans.

Article 3, Section 35 of the Texas Constitution provides:

. . . No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The courts in a few instances and Attorneys General in many have construed this section as it applies to riders to Appropriation Acts. Perhaps the most definitive analysis is that contained in Attorney General Opinion V-1254 (1951) by then Attorney General Price Daniel, as follows:

p. 1634

With special regard to what incidental
provisions may be included within a general
appropriation bill, our Texas courts have not
stated a general rule. However, from state-
ments as to what may not be included and from
numerous opinions of the Attorney General, we
believe the rule may be stated generally as
follows:  In addition to appropriating money
and stipulating the amount, manner, and purpose
of the various items of expenditure, a general
appropriation bill may contain any provisions
or riders which detail, limit, or restrict the
use of the funds or otherwise insure that the
money is spent for the required activity
for which it is therein appropriated, if the
provisions or riders are necessarily con-
nected with an incidental to the appropria-
tion and use of the funds, and provided they
do not conflict with general legislation.
(Opinion V-1254, supra, p. 8).

As long as a general appropriation bill
includes only subjects of appropriating money
and limiting the use thereof in harmony with
general legislation, it may relate to any number
of different 'subjects and accounts.' In such
instances all of the subjects are under the one
general object and purpose of appropriating funds
from the treasury. The obvious purpose of
this limited exception was to make certain that
appropriations to more than one department in
the same bill would not be prohibited. In all
other respects general appropriation bills are
subject to the same prohibition as all other bills
against containing more than one subject. The
result is that general legislation cannot be

embodied within a general appropriation bill. Moore v. Sheppard, supra. [192 S.W. 2d 559 (Tex. 1946)].

A general appropriation bill may be defined as a single bill which appropriates funds for two or more departments, subjects, accounts, or purposes. It has the one general purpose or subject matter of appropriating money.

General legislation does more than appropriate money and limit its expenditure. As said by a former Attorney General in Opinion No. 2965 (1935),

'. . . if the Bill does more than set aside a sum of money, provide the means of its distribution, and to whom it shall be distributed, then it is a general law . . .'

Thus, the distinction between general appropriation bills and general legislation has been recognized in this State in the simple fact that the former merely sets apart sums of money for specific objects and uses while the latter does more than merely appropriate and limit the use of funds. General legislation constitutes a separate subject and cannot be included within a general appropriation bill. Moore v. Sheppard, supra; Attorney General Opinion No. 2965, supra.(Opinion V-1254, supra, pp. 6-7).

The difficulty lies in applying these rules to a particular enactment or rider. Opinion V-1254, supra, was a general discussion of riders. It did not involve a particular rider. Attorney General Opinion V-1253 (1951),

issued the day before Opinion V-1254, involved riders (1) prohibiting the purchase of any passenger motor vehicle with appropriated funds and (2) ordering that all state-owned passenger motor vehicles be sold not later than October 1, 1951.   The first provision was held to be valid as a "mere" limitation and restriction on the use of the money.   The second was held invalid as general legislation.   For other examples, we would call to your attention Attorney General Opinion M-1199 (1972), a detailed study of riders in the 1971 Appropriations Act as well as those cited in Opinion V-1254, supra.

With these rules in mind, it is apparent to us that the rider in question while, of course, laudable in its purpose does more than merely limit or restrict the expenditure of appropriated funds.   In our opinion, it is general legislation affirmatively decreeing that all agencies and departments of the state are to take certain action.   And, as laudable as the required action may be, we are legally bound to hold that forced compliance will require further legislative action.

As in Opinion V-1253, supra, our reasoning, perhaps, may be made clearer by contrasting the rider with another.   The same Appropriation Act, in its General Provisions, Article V, at page 2217, contains Sec. 55 as follows:

> Sec. 55. DISCRIMINATORY PRACTICES. None of the funds appropriated in this Act shall be expended by agencies which practice discrimination based on race, creed, sex or national origin.   The State Attorney General shall be specifically responsible for the enforcement thereof upon the request of the Governor.

Sec. 55 is "merely" a limitation or restriction on the expenditure of appropriated funds and is a valid rider.   The rider requiring an affirmative plan containing an analysis of employees by race, sex and class of position and containing a plan for recruitment and other matters, is general legislation, and therefore invalid.

This opinion in no way affects or lessens the effect of Subsection 55 supra. Nor does it lessen the requirement that states and their political subdivisions abide by the federal laws prohibiting discrimination in employment, e.g. 42 U.S.C. § 2000e-2, 29 C.F.R. Sec. 160 et seq., or that they take affirmative action required under the federal law. 42 U.S.C. § 2000e-5(g).

## SUMMARY

While Sec. 55 of Article V of the Appropriation Act for 1974 and 1975 mandates that no appropiated funds be expended by agencies that practice discrimination based on race, creed, sex or national origin, the rider to the Act requiring affirmative action plans to provide equal employment opportunity is invalid as general legislation. Requirements of the Federal laws prohibiting discrimination in employment or requiring affirmative action are unaffected by this opinion.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg